UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50091-04 |
| | CIVIL ACTION NO. 10-1507 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KENDRICK STRINGFELLOW | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 202) filed by Petitioner Kendrick Stringfellow ("Stringfellow"). Stringfellow seeks an order from the Court vacating or reducing his sentence on the grounds that the Court lacked standing to establish guilt under a conspiracy theory and ineffective assistance of counsel. Additionally, he attacks the authority of the Attorney General under Title 21 to reclassify "the congressional punishment fo schedule III controlled substances." Record Document 200 at 4. For the reasons set forth below, Stringfellow's motion is **DENIED**.

## BACKGROUND

On November 3, 2004, pursuant to a written plea agreement, Stringfellow plead guilty to Count One of the Superceding Indictment which charged him with conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846. See Record Documents 51, 95 & 96. On March 1, 2005, Stringfellow was sentenced to 188 months imprisonment. See Record Documents 138 & 139.

Stringfellow filed a Notice of Appeal on March 3, 2005. See Record Document 140.

On February 6, 2006, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of this Court. See Record Document 182. The judgment of the Fifth Circuit was entered into this Court's record on March 2, 2006. See id.

On May 1, 2008, Stringfellow filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2) which was denied on March 9, 2010. See Record Documents 190, 199. Stringfellow filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 on July 28, 2010. See Record Document 200. Such motion was denied as moot on August 6, 2010 since Stringfellow had not previously filed a first Section 2255 motion. See Record Document 201. The Clerk of Court was directed to file Stringfellow's pleading in the record as a Section 2255 motion. See id.

Now before the Court is Stringfellow's Section 2255 motion, wherein he asserts the following grounds for relief:

(1) The Court lacked standing to establish guilt under a conspiracy theory;

(2) Ineffective assistance of counsel and violation of established rules of ethics; and

(3) There is no authority of the Attorney General under Title 21 to reclassify Congressional punishment of schedule III controlled substances.

See Record Document 202. However, because Stringfellow did not file his Section 2255 motion in accordance with the applicable statute of limitations, the grounds for this motion cannot be considered. The only issue before the Court is the timeliness.

## LAW AND ANALYSIS

In order to review the merits of a motion under Section 2255, it must be filed within the statute of limitations. Title 28, United States Code, Section 2255(f) provides:

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>(1)  the date on which the judgment of conviction becomes final;
>
>(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Section 2255(f)(1) is controlling.

In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." U.S. v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). Hence, a conviction becomes final when the United States Supreme Court denies the petition for a writ of certiorari or when the time expires for the filing of a petition of a writ of certiorari. See Clay v. U.S., 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003); U.S. v. Gamble, 208 F.3d 536, 536-537 (5th Cir. 2000).

A defendant has ninety (90) days from the date the judgment of the Fifth Circuit was entered into the district court record to file a petition for writ of certiorari. See Supreme Court Rule 13(1). As applied in this matter, Stringfellow had ninety (90) days from March 2, 2006 to file a petition for writ of certiorari. He failed to do so and his judgment of conviction became final at the expiration of those ninety (90) days.

Therefore, Stringfellow's one-year period of limitation began running in late May/early June 2006 and would have expired in late May/early June 2007. He failed to file

his Section 2255 motion until July 28, 2010, well after the expiration of the one-year period of limitation expired in 2007.[1] His Section 2255 motion is, therefore, untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Stringfellow's claims fail because his Section 2255 motion is untimely. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 202) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of September, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Stringfellow did file a Section 3582(c) motion in May 2008. Yet, the filing of such a motion does not toll the running of the one year statute of limitations. See U.S. v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001) (Section 3582(c) motion does not toll one-year limitation for filing § 2255 motion).